### DENNY v. STRAUSS & CO.

(Supreme Court, Appellate Term. March 5, 1908.)

1. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE—EVIDENCE.

Where plaintiff's automobile, while standing in a proper place along the street, was struck and damaged by a ladder projecting from defendant's wagon, because of defendant's driver swerving his horse so as to bring the ladder in contact with the machine, plaintiff was entitled to recover, and a judgment for defendant is erroneous as a matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1515.]

**2. APPEAL—REVIEW—QUESTIONS OF FACT.**
    Though the appellate court is reluctant to interfere with a judgment on controverted evidence, where it is rendered against positive evidence, uncontradicted and unexplained, it will be assumed that the judgment was rendered under some misapprehension of law, and such judgment will be reversed.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3938–3943.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Thomas Denny against Strauss & Co. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Coudert Bros., for appellant.
Epstein Bros., for respondent.

MacLEAN, J. It appearing that the plaintiff's automobile was standing properly enough facing westwardly and alongside the northerly curb on Fifty-Third street, and from the uncontradicted testimony of a disinterested witness that the defendant's wagon from which a ladder projected in the rear was proceeding westerly along the car tracks in Fifty-Third street with ample room to pass by, when its driver swerved his horse to the south and so to the north the projecting ladder, which struck and tore off the top of the automobile, damaging it to an amount not very perfectly established, the judgment should have been in favor of the plaintiff, and not of the defendant. As remarked Woodruff, J., in 1855:

"We are very reluctant to interfere with a judgment of the court below when it rests upon a finding of facts on controverted evidence; but when * * * it is rendered against positive evidence, uncontradicted and unexplained by counter proofs, we are constrained to conclude that the judgment is rendered under some misapprehension respecting the rules of law by which the rights of the parties are controlled."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.